## C. H. SMITH v. CLARA T. CAREY.

Decided April 4, 1908.

**Fraud—Insolvent Debtor—Loan of Money to Defraud Creditors—Innocent Holder.**

An insolvent debtor who, for the purpose of concealing his money and placing the same beyond the reach of his creditors, loaned the same to a third party, who was cognizant of and promised to aid in effecting the purpose, taking his promissory notes therefor, cannot recover on the notes through the courts. A contract thus tainted with fraud is contrary to public policy and illegal. But an assignee of the notes would be entitled to recover upon proof that he was an innocent purchaser before maturity, without notice of the vice, and for a valuable consideration.

Appeal from the District Court of Wise County. Tried below before Hon. J. W. Patterson.

*W. H. Bullock* and *A. T. Clendenen,* for appellant.—The court having found as a fact that R. K. Halsell's purpose at the time of the transaction was to file a petition in bankruptcy, to conceal the fact of Smith's indebtedness on the $1000 note from his trustee, to leave such indebtedness out of his sworn schedule of assets, showed the intended commission of at least two crimes announced by the statutes of the United States; and the court having further found that appellant entered into said purpose, and agreed to assist him in its accomplishment, and this being the condition precedent upon which the money was delivered and the note executed, the entire contract was illegal and contrary to public policy. National Bankruptcy Act of 1898, sec. 29; United States v. Block, 15 N. B. R., 325; Rev. Statutes U. S., sec. 5440; United States v. Bayer, Fed. Cas. No. 14547; National Bankruptcy Act 1898, sec., 7.

Where the contract grows out of and is connected with an illegal or immoral act, a court of justice will not enforce it. And if the contract `be in part only connected with an illegal transaction, it is equally tainted by it. Seeligson v. Lewis & Williams, 65 Texas, 221; 1 Parsons on Contracts, p. 457; Davis v. Sittig, 65 Texas, 501; Wegner Bros. v. Biering & Co., 65 Texas, 506; McNeese v. Carver, 40 Texas Civ. App., 129; Labbe v. Corbett, 69 Texas, 505; Beer v. Landman, 88 Texas, 453; West v. A. O. U. W. of Texas, 14 Texas Civ. App., 479; Reed v. Brewer, 90 Texas, 144; Hunstock v. Palmer, 4 Texas Civ. App., 459.

In a suit by the assignee of a note against the maker, when the maker proves that there was fraud or illegality in the inception of the instrument, the burden of proof is upon the assignee or holder to show that he acquired the instrument bona fide, for value, in the usual course of business, while current, and under circumstances which created no presumption that he knew the facts which impeached its validity. Daniel on Negotiable Instrument, sec. 812-813; Hart v. West, 91 Texas, 187; Rische v. Planters' Nat. Bank, 84 Texas, 413; Blum v. Loggins, 53 Texas, 136.

*Hunter & Hunter,* for appellee.

SPEER, Associate Justice.—Clara T. Carey sued C. H. Smith and S. P. Smith to recover the amount of two promissory notes of four hundred dollars each, signed by defendants and payable to R. K. Halsell, alleging that the same had been transferred to her before maturity for a valuable consideration. The defense relied on was *non est factum* as to S. P. Smith, and that as to the other maker the consideration for which the notes sued on were executed was contrary to public policy and therefore illegal. The trial court before whom the case was tried made his findings of fact from which he entered judgment for the plaintiff as to C. H. Smith and in favor of the defendant S. P. Smith on his plea of *non est factum.* Defendant C. H. Smith has appealed.

The sole question of law presented by the appeal is whether or not the agreement between R. K. Halsell and appellant C. H. Smith, whereby the former agreed to lend to the latter a sum of money for which the notes in controversy were executed, the said Halsell intending at the time to place such money beyond the reach of his creditors and thereby to defraud them, and the said Smith, having full knowledge of such intention on the part of Halsell, agreeing with him to accept the money and to conceal the transaction from Halsell's creditors, is contrary to public policy and illegal. The question is discussed in Davis v. Sittig, 65 Texas, 497, in a case where suit was brought to recover on a note executed by one Davis to one Lewis in consideration of property conveyed by the latter to the former with intent to defraud his creditors and that intent was known to all parties. The obligation was held to be unenforceable, notwithstanding our statute of fraudulent conveyances does not declare such transaction void except as to creditors, the court saying: "Such statutory declaration does not, however, strip such a transaction of its fraudulent character or give to it standing as a valid contract which the courts will enforce." That case appears to be decisive of the present case, the only difference being that there, property, perhaps other than money, was conveyed to defraud creditors, while here money was loaned for the same purpose. No distinction should be drawn in this respect, since money, like other personal property, is subject to be taken for debt and can as well be the subject of a fraudulent conveyance. The question has been much discussed and respectable authority may be found on both sides of the holding, as will be seen from an examination of the authorities cited in the majority and dissenting opinions in Harcrow v. Harcrow, 58 S. W., 553, 64 S. W., 881. But our own court, as will be seen from the decision above quoted, has announced in favor of the doctrine that such an agreement thus tainted with fraud is illegal and an executory contract based on it incapable of enforcement through the courts. See, also, Arnold v. Peoples, 13 Texas Civ. App., 30.

What we have said has been upon the assumption that appellee is in no better position to recover than Halsell, the payee, would have been, since the trial court expressly refused to find whether

or not she was an innocent purchaser of the notes for value before maturity, and without notice of any defense ·against them. This being true, we can not assume in aid of the judgment that she had purchased them before maturity without notice of the vice pleaded. Under the rule announced in this State, which we deem to be a salutary one, not for the defendant's sake, but for the policy of the law alone, appellee is not entitled to enforce the contract sued on without establishing her right to recover as an innocent holder. Reversed and remanded for another trial.

. *Reversed and remanded.*